|    |                                                                                       |
|----|---------------------------------------------------------------------------------------|
| 1  |                                                                                       |
| 2  |                                                                                       |
| 3  |                                                                                       |
| 4  |                                                                                       |
| 5  |                                                                                       |
| 6  |                                                                                       |
| 7  | UNITED STATES DISTRICT COURT                                                          |
| 8  | WESTERN DISTRICT OF WASHINGTON AT SEATTLE                                             |
| 9  |                                                                                       |
| 10 | SARAH TRATTNER, et al.,                        CASE NO. C24-1166JLR                   |
| 11 |                    Plaintiffs,                 ORDER                                  |
| 12 |         v.                                                                            |
| 13 | WORKFORCE SERVICES INC.,                                                              |
| 14 |                    Defendant.                                                         |

Before the court is Plaintiffs Sarah Trattner and Michael Powell (together, "Plaintiffs") and Defendant Workforce Services Inc.'s stipulated motion seeking a two-month extension of their deadlines for motions related to discovery, discovery completion, and dispositive motions. (Mot. (Dkt. # 13).) The parties do not seek a continuance of the February 9, 2026 jury trial date, or other pending pretrial deadlines. (*See id.* at 1-2.) The parties submit the requested extension is necessary to accommodate "scheduling conflicts, travel plans," and the withdrawal and appearance of new counsel for Defendant. (*Id.* at 1.)

ORDER - 1

1   The current scheduling order sets the deadline for discovery-related motions on
2 August 28, 2025; the discovery completion deadline on September 29, 2025; the
3 dispositive motions deadline on October 27, 2025; and the jury trial on February 9, 2026.
4 (12/3/24 Order (Dkt. # 9).)  That order provides that the case schedule may be modified
5 "only upon good cause shown."  (*Id.* at 2); *see also* Fed. R. Civ. P. 16(b)(4).  "Good
6 cause" focuses on the diligence of the party seeking to modify the scheduling order.
7 *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  Thus, the
8 party must demonstrate that it could not meet the deadline imposed by the scheduling
9 order despite its diligence.  *Id.* at 609.  Failure to complete discovery within the time
10 allowed, however, is not recognized as good cause.  (12/3/24 Order at 2.)

11   The parties make no argument regarding whether there is "good cause" for the
12 requested extension.  (*See generally* Mot.)  Even if the parties had shown good cause,
13 however, the court cannot accommodate a two-month extension of the listed pretrial
14 deadlines without affecting the trial date.  The court sets the dispositive motions deadline
15 to provide 28 days for the completion of briefing, an additional 30-45 days for the court
16 to consider and decide the dispositive motions, and a final 30 days to enable the parties to
17 prepare for trial and discuss the possibility of settlement.  Granting the parties' motion
18 would result in a dispositive motions deadline of December 27, 2025 (*see id.* at 1), which
19 would not allow sufficient time for the court to decide the motions and for the parties to
20 prepare for trial thereafter.  Therefore, the court DENIES the parties' stipulated motion
21 for a two-month continuance of the discovery motions, discovery completion, and
22 dispositive motions deadlines (Dkt. # 13).

1 The court is willing, however, to consider moving the parties' trial date to the end
2 of its trial calendar. The parties should be aware that the court is currently scheduling
3 trials into early 2027. If the court moves this matter to the end of its trial calendar, it will
4 issue a new scheduling order that resets all unexpired pretrial deadlines. If the parties
5 wish to seek this relief, they should file a stipulated motion to that effect.

6 Dated this 18th day of August, 2025.

*[signature]*

JAMES L. ROBART
United States District Judge